HENRY v. A. & L. FORBES.

It is the province of the jury to determine what credit is due to the testimony of a witness, and the court will not set aside the verdict, unless it is clearly against the weight of evidence.

Appeal from the St. Louis Court of Common Pleas.

HUDSON for Appellee.

*Opinion of the Court, delivered by Tompkins, Judge.*

This suit was commenced by A. & L. Forbes before a justice of the peace, where judgment being given against Henry. He appealed to the circuit court; from the circuit court the cause was transferred to the court of common pleas. Judgment being again given for the plaintiffs below, appellees here, Henry brings the cause here by appeal, to reverse the judgment of the court of common pleas.

The appellant moved the court of common pleas for a new trial, and that being denied to him, he assigns such denial for error.

On the trial it was proved that the plaintiffs were importers and venders of looking glasses ; that on or about the 15th or 20th of March, 1838, the looking glass, which is the subject of litigation in this cause, was imported by the plaintiffs with the first goods of that season : that he afterwards put the said glass plate into a frame, which he understood belonged to the defendant: that in the spring of the year 1838, or early in the summer of that year, the defendant told one of the witnesses that he had spoken to the plaintiffs to bring him on from New York to the city of St. Louis, a looking glass plate ; that the defendant stated that he understood from his wife that the plaintiffs had sent a looking glass plate to his house in St. Louis in his absence, and that she would not receive it. This evidence being given, the plaintiffs called on the defendant to give evidence. He testified, that in coming over the mountains betwixt Philadelphia and Pittsburg, when migrating to St. Louis, he had two

large looking glasses, "what are called French plates," in their frames, and one of the plates was broken ; that after he arrived at St. Louis, he called on the plaintiffs to fix up the unbroken one ; that in the month of December, 1837, when the plaintiffs put up the unbroken plate as aforesaid, he asked them if they would have him one brought on from the east, that would be a match for that which was not broken. The plaintiffs replied that they could ; he then asked them if they could have him one brought on by the first of March, 1838 ; the plaintiffs replied they thought they could. The defendant then told them if they brought him one to the city of St. Louis by the first of March then next, he would take it, and give them for it the sum of fifty dollars upon its delivery, which plaintiffs said they would do. The plaintiffs stated that the plate was to be delivered to him in the city of St. Louis, by the plaintiffs, by the first day of March, 1838, otherwise he would not be bound to receive it ; and that upon the agreement being made as aforesaid, the plaintiffs took the said frame from his house, in the said city of St. Louis, to their store, in said city ; and that about eight on ten days afterwards he went to the store of the plaintiffs, and told them they need not send for the said plate, because he, the defendant, had received a letter from his father in-law in Philadelphia, informing him that as soon as the ice was out of the canal in the spring, he would send him a new glass plate by the way of the canal ; that to this the plaintiffs answered, he was too late, for they had already sent for the plate for him ; that he heard nothing more about the plate until some time betwixt the 25th and the last of march, in the year aforesaid, when he was informed by his wife that the plaintiffs had sent a glass to his house on that day, when he was from home, and that she would not receive it, and told the persons who brought it, to take it back to the plaintiffs ; that he never saw said glass plate, and knows nothing of its kind or quality, and that the plaintiffs "never tendered to him by the first of March of the year last aforesaid, and at no time afterwards, before the commencement of this suit, such glass as they contracted to furnish him as aforesaid, or any other glass, except as aforesaid."

The court of common pleas instructed the jury, and its instructions are not complained of ; but it is insisted that the jury have found a verdict against the evidence, and that the jury have erred in a matter of law. The statute directs that only one new trial shall be granted to either party except, first, where the triers of the fact have erred in a matter of law ; or, second, when the jury shall be guilty of misbehavior.

*Henry v. A. & L. Forbes.*

There have been, as appears by the record, four verdicts found in this case, by juries, against the defendant ; one before the justice of the peace, before whom the suit was instituted ; two before the circuit court, both of which last were set aside for the defendant, and a new trial was had before the court of common pleas. In this last mentioned court the jury found again for the plaintiffs. The contract to furnish a glass plate was proved both by the testimony of the defendant, and by his admissions as testified to by another witness. There was no dispute about the quality of the plate, and if there had been, there was evidence that the plate was a good one, and fitted to the frame of the broken plate. But the plate was not delivered on the first day of March, 1838 ; by which time, according to the testimony of the defendant, the plaintiffs had contracted to deliver it. The plaintiffs proved that it arrived at St. Louis about the 15th or 20th of March of that year, with the first arrivals of spring goods of that season ; and it seemed from the evidence, to have been tendered at the dwelling house of the defendant in a few days thereafter. It will scarcely be contended, even by the zealous advocate of the defendant, that the jury had not the liberty and the right to believe or not to believe the whole or any part of the testimony of the defendant, although he was called on by the plaintiffs to testify. They, it seems, believed there was a contract to deliver a glass plate of a particular description ; there was evidence to prove the delivery of such a plate. The defendant stated in his testimony, "that the plate was to be delivered to him by the first day of March, year last aforesaid, or else he would not be bound to receive it." The court of common pleas instructed the jury, "If they believed that the contract

*It is the province of the jury to determine what credit is due to the testimony of a witness, and the court will not set aside the verdict unless it is clearly against the weight of evidence.*

MAY TERM.
1842.

Henry
v.
A. &L. Forbes.

betwixt the Messieurs Forbes and Doctor Henry was that the looking glass in question should be delivered by the plaintiffs to the defendant on the first day of March, or early in March, and that it was not delivered till the 26th, 27th, or 28th of March, Dr. Henry had a right to refuse to accept it, and the plaintiffs cannot recover on the contract."

It seems, then, that the jury did not believe that the plaintiffs had contracted to deliver the plate so early as the first day of March, or early in March; they might not have believed that as prudent men they would contract to deliver as early in the season as the defendant had stated they did; as it is well known that in some seasons the ice obstructs the navigation of this river so as to prevent such early arrivals of goods from the east. The jury might not for other reasons have given credit to that part of the testimony. In my opinion, the court of common pleas committed no error in refusing a new trial to the plaintiffs in error, and its judgment ought to be affirmed, and the other judges concurring, it is affirmed.